IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES WILLIAMS,**<br>    Petitioner,<br><br>        v.<br><br>**JOHN WETZEL,**<br>**THE ATTORNEY GENERAL OF THE**<br>**STATE OF PENNSYLVANIA, and**<br>**THE DISTRICT ATTORNEY OF**<br>**PHILADELPHIA COUNTY,**<br>    Respondents. | **CIVIL ACTION**<br><br><br><br>**NO. 15-3418** |

## O R D E R

**AND NOW**, this 30th day of June, 2016, upon consideration of Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Document No. 1, filed June 17, 2015), Amended Petition for Writ of Habeas Corpus (Document No. 11, filed October 5, 2015), the record in this case, the Report and Recommendation of United States Magistrate Judge M. Faith Angell (Document No. 34, dated May 31, 2016), Objections to the Magistrate's Report (Document No. 40, filed June 17, 2016), Respondents' Motion for Leave to Amend the Response to Petition for Writ of Habeas Corpus (Document No. 32, filed May 26, 2016), *Pro se* Petitioner's Response to Respondents' Motion for Leave to Amend the Response to Petition for Writ of Habeas Corpus (Document No. 38, filed June 6, 2016), *Pro se* Petitioner's Application for an Immediate Hearing on the Pending Petition for Writ of Habeas Corpus (Document No. 33, filed May 27, 2016), *Pro se* Petitioner's Motion for Default Judgment (Document No. 35, filed May 31, 2016), and *Pro se* Petitioner's Request for Entry of Default (Document No. 31, filed May 31, 2016), **IT IS ORDERED** as follows:

1.    The Report and Recommendation of United States Magistrate Judge M. Faith Angell dated May 31, 2016, is **APPROVED** and **ADOPTED**;

2. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody and the Amended Petition for Writ of Habeas Corpus filed by *pro se* petitioner, Charles Williams, are **DISMISSED** as untimely filed;

3. Respondents' Motion for Leave to Amend the Response to Petition for Writ of Habeas Corpus is **DENIED AS MOOT**; and

4. The Objections to the Report and Recommendation filed by *pro se* petitioner, Charles Williams, are **OVERRULED** for the reasons set forth below.

**IT IS FURTHER ORDERED** as follows:

1. *Pro se* Petitioner's Application for an Immediate Hearing on the Pending Petition for Writ of Habeas Corpus is **DENIED** on the ground that the record in the case establishes that all claims set forth in the Habeas Petition and the Amended Habeas Petition are time-barred;

2. *Pro se* Petitioner's Motion for Default Judgment is **DENIED** for the reasons set forth below; and

3. *Pro se* Petitioner's Request for Entry of Default is **DENIED** for the reasons set forth below.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue because reasonable jurists would not debate the propriety of this Court's procedural rulings with respect to petitioner's claim. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The decision of the Court is based on the following:

**1. Objections to the R&R.** The Report and Recommendation dated May 31, 2016, prepared by United States Magistrate Judge M. Faith Angell, recommends that the instant Habeas Petition and Amended Habeas Petition be dismissed as untimely under the one-year statute of limitations, 28 U.S.C. § 2244(d)(1). *Pro se* petitioner argues in his Objections that he

filled out his petition on May 5, 2015, but the prison staff refused to process his mail until the next day, May 6, 2015. That does not alter Magistrate Judge Angell's conclusion that the one-year limitations period expired almost one year before the Habeas Petition was filed.[1] In fact, Magistrate Judge Angell calculated the limitations period using the earlier filing date, May 5, 2015. R&R at 6. Accordingly, *pro se* petitioner's Objections to the Report and Recommendation are overruled.

  **2.**  **Motion for Default Judgment and Request for Entry of Default.** *Pro se* petitioner argues that he is entitled to an entry of default judgment in the amount of $500,000 because respondents did not timely respond to the *habeas corpus* petition, and concealed that fact by "cut[ting] the postal marking off of another legal envelop[e] . . . [and] tap[ing] that postal marking onto the legal envelop[e] . . . mailed to petitioner . . . ." Mot. for Default Judgment, at 2. However, the record discloses that respondents timely filed and served their response to the Amended Habeas Petition on February 16, 2016, prior to the February 23, 2016 deadline. *See* Certificate of Service, Response to Petition for Writ of Habeas Corpus (Doc. No. 22). Moreover, the requested relief is not available as a matter of law. *See Milton v. Harlow*, No. 13-cv-219, 2013 WL 4441985, at *4 n.3 (E.D. Pa. Aug. 20, 2013) ("[M]onetary relief is not available in habeas corpus."); *Nesmith v. Common Pleas Court of Philadelphia Cty.*, No. 09-cv-4356, 2010 WL 3278042, at *1 (E.D. Pa. Aug. 16, 2010) ("[E]ven if the Response to the habeas petition were untimely, a respondent's tardiness . . . is not grounds for granting federal habeas relief.").

---

[1] *Pro se* petitioner's argument appears to be based on the misconception that he had one year from the date on which his PCRA petition was denied, that is, May 6, 2014, by which to file his habeas petition. That is incorrect. The time for filing the habeas petition began to run on March 9, 2009 when his judgment of conviction became final. The one-year statute of limitations was tolled from March 9, 2010 to May 6, 2014 while *pro se* petitioner's PCRA petition was pending.

Accordingly, *Pro se* Petitioner's Motion for Default Judgment and *Pro se* Petitioner's Request for Entry of Default are denied.

                                                **BY THE COURT:**

                                                **/s/ Hon. Jan E. DuBois**

                                                **DuBOIS, JAN E., J.**